CV408 082

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District **Southern Dist. of Georgia** |
|---|---|
| Name (under which you were convicted): **Reginald Java Brown** | Docket or Case No.: **CR405-280** |
| Place of Confinement: **F.C.I. Jesup** **2680 Hwy 301 South, Jesup, Ga. 31599** | Prisoner No.: **12476-021** |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) **REGINALD JAVA BROWN** |

v.

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
   **United States District Court for the Southern District of Georgia, Post Office Box 8286, Savannah, Georgia 31412**

   (b) Criminal docket or case number (if you know): **CR405-280**

2. (a) Date of the judgment of conviction (if you know): **July 12, 2006**

   (b) Date of sentencing: **September 15, 2006**

3. Length of sentence: **200 months**

4. Nature of crime (all counts): **Count 1: Possession with the intent to distribute 50 grams or more of cocaine base and a detectable amount of cocaine hydrochloride in violation of Title 21 U.S.C. § 841(a)(1) and (b)(1).**

5. (a) What was your plea? (Check one)

   (1) Not guilty ☒     (2) Guilty ☐     (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? **Movant pled not guilty and proceeded to trial on the one count indictment set forth above.**

6. If you went to trial, what kind of trial did you have? (Check one)     Jury ☒     Judge only ☐

Page 3

7.   Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☒     No ☐

8.   Did you appeal from the judgment of conviction?     Yes ☒     No ☐

9.   If you did appeal, answer the following:

    (a) Name of court: __U.S. Court of Appeals for the Eleventh Circuit__

    (b) Docket or case number (if you know): ___06-15064-GG____

    (c) Result: ____Affirmed_____

    (d) Date of result (if you know): __March 29, 2007____

    (e) Citation to the case (if you know): ___Unpublished____

    (f) Grounds raised: __WHETHER THE DISTRICT COURT PROPERLY ADMITTED EVIDENCE DISCOVERED DURING A WARRANTLESS SEARCH OF A RESIDENCE?__

    (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☒     No ☐

    If "Yes," answer the following:

    (1) Docket or case number (if you know): ___07-5586____

    (2) Result: ____Denied____

    (3) Date of result (if you know): ___October 1, 2007____

    (4) Citation to the case (if you know): ___Unpublished____

    (5) Grounds raised: _I. Was evidence obtained through warrantless search of Petitioner's residence properly admitted into evidence at trial when Petitioner had not freely given his knowing & voluntary consent to such search & the search was conducted after an illegal & unconstitutional arrest & detainment of the Petitioner? II. Did U.S. Ct. of Appeals err when it refused to consider argument raised in Reply Br.?_

10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ☒     No ☐

11.  If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: _U.S. Dist. Ct., So. Dist. of Ga., Savannah Div._

    (2) Docket or case number (if you know): ___CR405-280____

    (3) Date of filing (if you know): __March 4, 2008____

(4) Nature of the proceeding: **Title 18 U.S.C. § 3582(c)(2) Motion**

(5) Grounds raised: **Motion to Modify Sentence Based Upon Retro-active Guideline Amendment 706 Reducing Drug Quantity Table Two Base Offense Levels.**

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐  No ☒

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____ **N/A** _____

(2) Docket or case number (if you know): ___ **N/A** _____

(3) Date of filing (if you know): _____ **N/A** _____

(4) Nature of the proceeding: _____ **N/A** _____

(5) Grounds raised: _____ **N/A** _____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐  No ☒

(7) Result: _____ **N/A** _____

(8) Date of result (if you know): ___ **N/A** _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:     Yes ☐   No ☒

(2)  Second petition:     Yes ☐   No ☒

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE: _____ **SEE ATTACHED PAGE 15 FOR GROUND ONE.**

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
_____ **SEE ATTACHED PAGE 15 FOR FACTS AS TO GROUND ONE.**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Direct Appeal of Ground One:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: **There is no need to show cause & prejudice to excuse procedural default for juris- dictional issue, but it was not raised due to ineffective counsel.**

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐   No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____ **N/A** _____

    Name and location of the court where the motion or petition was filed: _____ **N/A** _____

_____

Docket or case number (if you know): ____N/A_____

Date of the court's decision: _____N/A_____

Result (attach a copy of the court's opinion or order, if available): _____N/A_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ☐   No ☒      N/A

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☐   No ☒      N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐   No ☒      N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____N/A_____

_____

Docket or case number (if you know): _____N/A_____

Date of the court's decision: _____N/A_____

Result (attach a copy of the court's opinion or order, if available): _____N/A_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____N/A_____

_____

_____

_____

_____

GROUND TWO: _____SEE PAGE 17 FOR GROUND TWO._____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
_____SEE ATTACHED PAGE 17 FOR FACTS AS TO GROUND TWO._____

_____

_____

_____

_____

_____

_____

_____

(b) Direct Appeal of Ground Two:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: Counsel would not have launched a claim of ineffective assistance upon himself, which is better raised in habeas corpus petition.

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐   No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____ N/A _____

    Name and location of the court where the motion or petition was filed: __ N/A __

    Docket or case number (if you know): _____ N/A _____

    Date of the court's decision: _____ N/A _____

    Result (attach a copy of the court's opinion or order, if available): ____ N/A ____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐   No ☒

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐   No ☒

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐   No ☒

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____ N/A _____

    Docket or case number (if you know): _____ N/A _____

    Date of the court's decision: _____ N/A _____

    Result (attach a copy of the court's opinion or order, if available): ____ N/A ____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No." explain why you did not appeal or raise this issue: _____ N/A _____

_____

_____

_____

_____

GROUND THREE: ____ SEE ATTACHED PAGE 19 FOR GROUND THREE.

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
___ SEE ATTACHED PAGE 19 FOR FACTS AS TO GROUND THREE.

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Direct Appeal of Ground Three:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

       Yes ☐   No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: **Although record was fully developed, counsel ineffectively raised issue for 1st time in Reply Brief which prevented claim from being decided.**

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

       Yes ☐   No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: ____ N/A _____

    Name and location of the court where the motion or petition was filed: ___ N/A _____

_____

    Docket or case number (if you know): ____ N/A _____

    Date of the court's decision: _____ N/A _____

Result (attach a copy of the court's opinion or order, if available): _____N/A_____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____N/A_____

_____

Docket or case number (if you know): _____N/A_____

Date of the court's decision: _____N/A_____

Result (attach a copy of the court's opinion or order, if available): _____N/A_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____N/A_____

_____

_____

_____

_____

GROUND FOUR: _____N/A_____

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____N/A_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)  **Direct Appeal of Ground Four:**

  (1) If you appealed from the judgment of conviction, did you raise this issue?

    Yes ❑  No ☒

  (2) If you did not raise this issue in your direct appeal, explain why: _____ N/A _____

  _____

  _____

(c) **Post-Conviction Proceedings:**

  (1) Did you raise this issue in any post-conviction motion, petition, or application?

    Yes ❑  No ☒

  (2) If your answer to Question (c)(1) is "Yes," state:

  Type of motion or petition: _____ N/A _____

  Name and location of the court where the motion or petition was filed: __ N/A __

  _____

  Docket or case number (if you know): _____ N/A _____

  Date of the court's decision: _____ N/A _____

  Result (attach a copy of the court's opinion or order, if available): _____ N/A _____

  _____

  _____

  (3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑  No ☒

  (4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑  No ☒

  (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑  No ☒

  (6) If your answer to Question (c)(4) is "Yes," state:

  Name and location of the court where the appeal was filed: _____ N/A _____

  _____

  _____

  Docket or case number (if you know): _____ N/A _____

  Date of the court's decision: _____ N/A _____

  Result (attach a copy of the court's opinion or order, if available): _____ N/A _____

  _____

  _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: **All grounds currently being raised in this motion were not previously raised due to the very fact Movant was not afforded effective assistance of counsel during critical stages of his criminal proceedings. Had the issues been effectively raised prior to trial, prior to judgments were pronounced, and on direct appeal, there is a reasonable pro- bability the outcome of Movant's case would have been different.**

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?      Yes ☐  No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____**N/A**_____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: **Robert S. Pace, Post Office Box 9946, Savannah, Georgia 31412 (912) 233-9700**

(b) At arraignment and plea: **Same as above**

(c) At trial: **Same as above**

(d) At sentencing: **Same as above**

(e) On appeal: _____ Same as above _____

(f) In any post-conviction proceeding: _____ N/A _____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____
N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐ No ☒

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future: _____ N/A _____

(b) Give the date the other sentence was imposed: _____ N/A _____

(c) Give the length of the other sentence: _____ N/A _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☐  No ☒

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*   Due to the very fact that Movant's criminal judgments imposed in the United States District Court for Southern District of Georgia became final in the United States Court of Appeals for the Eleventh Circuit on March 29, 2007, and the final judgment was rendered in the United States Supreme Court on October 1, 2007, the instant 28 U.S.C. § 2255 motion to vacate, set aside, or correct Movant's sentence is being timely filed well within one-year of either decision set forth above. Therefore, the one-year statute of limitations as applied to § 2255 motions does not bar Movant's motion from being adjudicated on its merit.   (See subsection (1) below)).

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: __Vacate the judgments__
__imposed for a lack of subject-matter federal jurisdiction,__
__and/or the clear showings of ineffective assistance of counsel.__

or any other relief to which movant may be entitled.

X _____

Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct
and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _MAY 1ˢᵗ_
_2008_____ (month, date, year).   **To:   Assistant U.S. Attorney**
                                      **Mr. Karl I. Knoche, Esquire**
                                      **Post Office Box 8970**
                                      **Savannah, Georgia   31412**

Executed (signed) on _May 1ˢᵗ 2008___ (date).


_____

Signature of Movant, **pro se**


If the person signing is not movant, state relationship to movant and explain why movant is not
signing this motion. _____N/A_____

## GROUND ONE

FEDERAL DISTRICT COURT LACKED SUBJECT-MATTER JURISDICTION TO TRY, PROSECUTE, AND IMPOSE JUDGMENTS WHERE NO CRIMINAL VIOLATION WAS COMMITTED ON FEDERAL PROPERTY NOR WITHIN FEDERAL JURISDICTION OR TERRITORY.

It is Movant's legal contention that since his alleged federal crime was committed at 1912 Quincy Street (Chatham County, city of Savannah, Georgia), and said residence was not located on federal property, territory or within the subject-matter jurisdiction of the federal government [i.e., a military base, Indian Reservation, against a federal agent, etc.], the federal district court lacked subject-matter jurisdiction to try, prosecute, and impose criminal judgments against Movant. Because Movant's crime was alleged to have been committed within the southern district/portion of the State of Georgia is not legally enough to establish federal jurisdiction. What must and could not have been proven by the Government, is that, Movant, while on federal property, territory or jurisdiction, possessed a controlled substance (cocaine) with the intent to distribute. Such not being the case, the federal district court lacked subject-matter jurisdiction over Movant's criminal case.

Consequently, due to the fact the State of Georgia has an offense by which it could have prosecuted Movant, jurisdiction properly resides in the Superior Court of Chatham County for Movant's alleged violations of the Georgia Controlled Substance Act. However, if the Government should attempt to suggest that federal jurisdiction was established based upon cocaine being

15

imported/manufactured outside the United States and/or affects interstate commerce, this attempt would be patently frivolous where the uncharged offenses of manufacturing or importing cocaine into the United States along with the fact that the illegal substances affecting interstate commerce is not [unlike other federal criminal offenses affecting commerce such as possession of a firearm by a convicted felon, extortion, etc.] is not a "federal" element to establish Movant's guilt in a federal court of law for possessing a controlled substance with the intent to distribute.

Futhermore, the controlled substance violations which Movant was alleged to have committed should have been properly attributed to the State Court of Georgia, rather than, the federal district court. Thus, the federal judgments imposed shall be vacated for a lack of federal subject-matter jurisdiction, and since this claim requires no showing of cause and prejudice to excuse any alleged procedural defaults, this claim is ripe for judicial resolution. But had this issue so been raised, there is a reasonable likelihood that a reasonable jurist would have concluded that the federal government lack subject-matter jurisdiction to prosecute Movant in a federal tribunal.

16

## GROUND TWO

TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE
PRIOR TO TRIAL AND BEFORE JUDGMENTS WERE
PRONOUNCED BY FAILING TO CONTEST FEDERAL
SUBJECT-MATTER JURISDICTION.

Movant contends that trial counsel was clearly ineffective by failing to contest and argue, prior to trial and before judgments were pronounced, that the federal district court lacked subject-matter jurisdiction to try, prosecute and impose judgments. Had counsel contested federal jurisdiction and argued that Movant did not commit any alleged crime on federal property, a military air force base, an Indian Reservation etc., but rather committed his alleged crime at 1912 Quincy Street--there is a reasonable probability that the district court would have agreed and dismissed federal case based upon the Government's non-establishment of federal jurisdiction and properly turned Movant's case back over to Georgia state authorities.

Being that Movant's alleged offenses were not committed on federal property, notwithstanding the seriousness of being prosecuted in a federal tribune (serve 85% of sentence with no possibility of parole), no competent attorney would have chose not to contest jurisdiction. On the other hand, due to the fact the Government would not have been able to establish federal jurisdiction (interstate commerce or Movant committing his alleged offense in the southern district or portion of Georgia is insufficient to trigger federal jurisdiction), Movant's case ran the sure possibility of being dismissed. This is true where,

17

interstate commerce was not a federal element to determine guilt for possessing a controlled substance in a federal court of law, and because one commits a criminal offense in the Southern District of Georgia does not automatically makes a case be subject to federal prosecution--unless, the alleged criminal offenses are committed on federal property, or affecting interstate element was required to determine guilt for possessing cocaine.

As such, had counsel effectively contested federal jurisdiction on the valid grounds tendered, the outcome of Movant's federal proceedings would have been significantly different--with the strong possibility of being dismissed for a lack of federal jurisdiction.

## GROUND THREE

APPELLATE COUNSEL RENDERED INEFFECTIVE
ASSISTANCE BY FAILING TO EFFECTIVELY RAISE
THE SIGNIFICANT AND OBVIOUS ISSUE OF ILLEGAL
ARREST AND DETAINMENT IN ITS INITIAL BRIEF.

Movant contends that counsel rendered ineffective assistance
on appeal by failing to raise the significant and obvious record
supported issue that the initial stop and 20-25 minute detainment
of Movant prior to search was illegal. Counsel should have
further argued that any evidence seized thereafter was the fruits
of an illegal stop and detainment which required its suppression.
Had counsel effectively raised the same in its initial brief,
rather than incompetently raising said issue for the first time
in its Reply Brief, there is a reasonable probability that the
outcome of Movant's case on direct appeal would have been
reversed and remanded for a new trial with instructions to
suppress evidence seized subsequent to illegal stop and 25 minute
detainment of Movant.

The above conclusion is especially true where the appellate
court held in footnote 2 of its March 29, 2007 opinion:

> For the first time in his reply brief, Brown
> argues that the search was tainted by Officer
> Debnam's initial traffic stop and detention,
> which Brown contends were not supported by
> reasonable suspicion. We do not consider
> arguments raised at this late juncture."

The Eleventh Circuit went on further to hold that "from the
initial stop to the communication with agent concerning alleged
consent to search, Brown's detainment in police car lasted

19

between 20-25 minutes--a finding [the Eleventh Circuit held]
Brown did not challenge on appeal." (Emphasis added).  Without
being able to consider the illegal stop and 25 minute detention
of Movant, due to counsel's complete failure to raise this
clearly reversible issue in its initial brief, the Eleventh
Circuit lastly opined: "In considering the totality of the
circumstances **at the time Brown consented** we cannot say that we
are left with the firm and definite conviction that Brown's
consent was involuntary."  (Emphasis added not in original).

     Thus, it can be reasonably and legally inferred from the
Eleventh Circuit's opinion that had counsel effectively raised
the illegal stop and lengthy 25 minute detainment issue along
with other issues in its initial brief, there is a reasonable
probability that the Eleventh Circuit would have held that since
the initial non-violative traffic stop and 25 minute
arrest/detainment was illegal under grounds of lack of probable
cause or based upon the officer's unreasonable suspicion linking
Movant to marijuana belonging to Stephen Hines (who was already
in police custody), any evidence seized after illegal stop was
required to be suppressed and district court erred for concluding
otherwise.

     Hence, if counsel had properly raised and argued this
meritorious issue in its initial brief, there is a reasonable
probability that Movant would have obtained a reversal and had
his case remanded for a new trial with instructions to suppress
any and all evidence seized subsequent to unlawful stop.