# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| REGINALD JAVA BROWN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. CV408-087 |
| ) | [CR405-280] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Reginald Java Brown has moved to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255. (Doc. 1.)[1] The government has responded in opposition to the motion. (Doc. 3.)

## I. BACKGROUND

On October 5, 2005, a federal grand jury indicted Brown, charging him with one count of possession with intent to distribute

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV408-087. "Cr. Doc." refers to documents filed under movant's criminal case, CR405-280.

50 grams or more of crack cocaine and cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). (Cr. Doc. 1.) Following a trial at which Brown was represented by appointed counsel Robert S. D. Pace, the jury found Brown guilty, and the Court sentenced him to 200 months' imprisonment. (Cr. Docs. 69 & 78.)

Brown appealed, arguing that: (1) the district court erred in finding that he consented to a search of his residence, and (2) if he consented, his consent was involuntary. <u>United States v. Brown</u>, 223 F. App'x 875, 879-80 (11th Cir. 2007). The Eleventh Circuit affirmed Brown's conviction in an unpublished opinion on March 29, 2007. <u>Id.</u> The United States Supreme Court denied his petition for certiorari on October 1, 2007. <u>Brown v. United States</u>, 128 S. Ct. 300 (2007).

Brown is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia. (Doc. 1.) His timely 28 U.S.C. § 2255 motion was filed on May 5, 2008, asserting the following three grounds for relief:

    (1) the federal district court lacked subject-matter jurisdiction,

(2) trial counsel performed ineffectively by failing to contest subject-matter jurisdiction, and

(3) appellate counsel performed ineffectively by failing to argue in his initial brief that Brown's traffic stop and detention were not supported by reasonable suspicion.

(Id. at 15-20.) The government filed a response in opposition to Brown's motion on June 5, 2008. (Doc. 3.)

## II. ANALYSIS

### A. Federal Subject Matter Jurisdiction

In ground one of his motion, Brown claims that this Court lacked subject matter jurisdiction to hear his case. (Doc. 1 at 15.) He did not raise this claim on direct appeal. See Brown, 223 F. App'x 875. "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004). However, "jurisdictional defects are always subject to attack under Section 2255 . . . ." Thor v. United States, 554 F.2d 759, 762 (5th Cir.

1977);[2] Harris v. United States, 149 F.3d 1304, 1308 (11th Cir. 1998) (jurisdictional defects cannot be procedurally defaulted); St. Pierre v. United States, 2005 WL 2126955, at *5 (M.D. Fla. Sept. 1, 2005) ("[t]he lack of subject matter jurisdiction is cognizable in a § 2255 proceeding because such jurisdictional matters can always be raised by some vehicle").

Brown argues that this Court lacked subject matter jurisdiction over his case because his crime was not committed on federal property. (Doc. 1 at 15-16.) But United States district courts have original subject matter jurisdiction over all offenses against the laws of the United States committed anywhere within its national borders or territories. 18 U.S.C. § 3231; United States v. Lampley, 127 F.3d 1231, 1245-46 (10th Cir. 1997) ("The Supremacy Clause, the Civil War, the decisions of the Supreme Court, and acts of Congress make it clear that so long as there is a constitutionally authorized federal nexus, the federal government is free to act anywhere within the United States."). Possessing

---

[2] The decision in Thor was entered on June 24, 1977. In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981. Consequently, Thor is binding Eleventh Circuit precedent.

4

cocaine with the intent to distribute it is a crime under the laws of the United States. 21 U.S.C. § 841(a)(1) and (b)(1)(A); see United States v. Jackson, 111 F.3d 101, 102 (11th Cir. 1997) ("The illegal possession and sale of drugs affects interstate commerce, and Congress accordingly has authority under the Commerce Clause to criminalize and punish drug-related activity.") (citing United States v. Bernard, 47 F.3d 1101, 1103 (11th Cir. 1995) (per curiam)). Accordingly, it does not matter that Brown's crime did not occur on federal land; the district court had subject matter jurisdiction over his case. This ground should therefore be denied.

**B. Ineffective Assistance of Counsel**

Brown raises two claims of ineffective assistance of counsel in his § 2255 motion, one regarding his trial counsel and one regarding his appellate counsel. As these claims were not available on direct appeal, United States v. Arango, 853 F.2d 818, 823 (11th Cir. 1988), they are not procedurally barred and are a proper subject for collateral review. Massaro v. United States, 538 U.S. 500, 504 (2003); United States v. Merrill, 513 F.3d 1293, 1308 (11th

Cir. 2008); United States v. Souder, 782 F.2d 1534, 1539-40 (11th Cir. 1986).

To establish ineffective assistance of counsel, movant must satisfy the two-part test established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). First, movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Second, a movant must demonstrate that the defective performance prejudiced his defense to such a degree that the results of the trial are called into question. Id.

Under the first prong, deficient performance is "that which is objectively unreasonable and falls below the wide range of competence demanded of attorneys in criminal cases." Cross v. United States, 893 F.2d 1287, 1290 (11th Cir. 1990); Brooks v. United States, 248 F. App'x 77, 80 (11th Cir. 2007). The reasonableness of the attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in

light of all the circumstances. Strickland, 466 U.S. at 690. The movant must carry a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (citation omitted).

Under the second prong, a movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Strickland, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

The Supreme Court has held that the same Strickland test applies to claims of ineffective assistance of appellate counsel. Murray v. Carrier, 477 U.S. 478, 488 (1986); Smith v. Murray, 477 U.S. 527, 535-36 (1986). In Jones v. Barnes, 463 U.S. 745 (1983), however, the Court held that the Sixth Amendment does not require appellate advocates to raise every nonfrivolous issue.

7

Effective counsel should "'winnow out' weaker arguments even though the weaker arguments may be meritorious." Id. at 751-52.

With these considerations in mind, the Court will now address each of Brown's ineffective assistance of counsel claims.

### 1. *Ineffective Assistance of Trial Counsel*

Brown alleges that his trial counsel performed ineffectively by failing to contest subject matter jurisdiction prior to or during trial. (Doc. 1 at 17.) As noted previously, this Court clearly had subject matter jurisdiction over his case. Therefore, Brown's trial counsel did not act unreasonably in failing to contest subject matter jurisdiction. Additionally, because a challenge to the court's subject matter jurisdiction would have been unsuccessful, the result of the trial would not have been different had counsel urged such an argument. Since Brown has failed to show deficient performance or prejudice, this claim fails under the Strickland analysis and should be denied.

### 2. *Ineffective Assistance of Appellate Counsel*

In his final contention, Brown claims that his appellate counsel rendered ineffective assistance by failing to argue in his

initial appellate brief that Brown's initial stop and detention were not supported by reasonable suspicion.³ (Doc. 1 at 19-20). Brown also argues that his appellate counsel performed ineffectively by failing to argue that the evidence seized after his initial detention should have been suppressed, as it was the result of an allegedly illegal stop. (Id. at 19.) He contends that had counsel raised the issue in his initial brief, a reasonable probability exists that the Eleventh Circuit would have considered the issue and reversed his case, remanding it for a new trial with instructions to suppress the evidence seized during the consent search of his residence. (Id.)

Where a claim of ineffective assistance of counsel is predicated on counsel's failure to litigate a Fourth Amendment claim, the movant must establish that the "Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable

---

³ Brown's appellate counsel argued for the first time in his reply brief that Brown's consent to search his home was tainted by his initial traffic stop and detention, which he contended were not supported by reasonable suspicion. Brown, 223 F. App'x at 880 n.2. Because this issue was not raised in his initial brief, the appellate court declined to consider it. Id. (citing United States v. Levy, 416 F.3d 1273, 1276 n.3 (11th Cir. 2005) for the proposition that the Eleventh Circuit does not consider issues not timely raised in a party's initial brief).

evidence in order to demonstrate actual prejudice." Kimmelman, 477 U.S. at 375. Because Brown's suppression claim lacks merit, this claim for relief fails.

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ." U.S. Const. amend. IV. "Absent probable cause to make an arrest, law enforcement officials may briefly detain a person as part of an investigatory stop if they have a reasonable articulable suspicion based on objective facts that the person has engaged in criminal activity." United States v. Blackman, 66 F.3d 1572, 1576 (11th Cir. 1995); Terry v. Ohio, 392 U.S. 1 (1968).

In this case, while on patrol, police officers Rufus Brown and Claude Debnam observed an unoccupied Chrysler automobile parked in a city street with its engine running and music blaring. The vehicle was blocking access to the street, as it was parked on the wrong side of the road. Brown, 223 F. App'x at 877; (Cr. Doc. 56 at 27, 36.) The officers noticed two men, Brown and Stephen Hines, on the porch of 1912 Quincy Street, which was directly

adjacent to the car. Brown, 223 F. App'x at 877; (Cr. Doc. 56 at 28, 36.) In response to Officer Debnam's question about the car, Hines replied that it belonged to his cousin, who had taken his mother to the store. Brown, 223 F. App'x at 877; (Cr. Doc. 56 at 36.) While Debnam spoke with Hines, Officer Brown whispered to Debnam that he had observed a large amount of marijuana in plain view on the rear floor of the car. Brown, 223 F. App'x at 877-78; (Cr. Doc. 56 at 36.) Officer Brown then called for back-up. Brown, 223 F. App'x at 878; (Cr. Doc. 56 at 29.) When Officer Debnam went to retrieve the registration from the glove compartment of the vehicle, he too saw a large amount of marijuana in the rear area of the vehicle. (Cr. Doc. 56 at 37.) By this time, the back-up officers had arrived, and one of them shouted to the others that Hines had taken flight. Brown, 223 F. App'x at 878; (Cr. Doc. 56 at 29.) Officer Brown chased Hines on foot, while Officer Debnam stayed behind and secured the Chrysler. Brown, 223 F. App'x at 878; (Cr. Doc. 56 at 29.)

After securing the vehicle, Debnam left Quincy Street in his patrol car to assist in apprehending Hines. Brown, 223 F. App'x at

878; (Cr. Doc. 56 at 37-38.) Shortly thereafter, he saw Brown driving a yellow Toyota Camry, which had been parked in the driveway of 1912 Quincy Street. Brown, 223 F. App'x at 878. Debnam then effected a traffic stop of Brown's vehicle in order to determine what connection he had to the contraband seized from the Chrysler. Id. While he was transporting Brown back to 1912 Quincy Street, Brown informed him that he was on state probation. (Cr. Doc. 56 at 39.) Debnam then spoke with Brown's probation officer, who indicated that Brown had executed a Fourth Amendment waiver as a condition of probation. Brown, 223 F. App'x at 878; (Cr. Doc. 56 at 39.) When Debnam and Brown returned to 1912 Quincy Street, Counter Narcotics Team ("CNT") agents were waiting. (Cr. Doc. 56 at 39.) Debnam told the agents that Brown had a Fourth Amendment waiver, and CNT Agent Guyer explained the Fourth Amendment waiver to Brown. Brown, 223 F. App'x at 878; (Cr. Doc. 56 at 39.) After Brown told Guyer that he did not have any weapons or drugs in the house, Guyer asked his permission to search his room for weapons and drugs. Brown, 223 F. App'x at 878; (Cr. Doc. 56 at 52.) Brown consented.

Brown, 223 F. App'x at 878; (Cr. Doc. 56 52.) Upon realizing that the front door was locked, Brown told the agents that he had keys in his pocket, and he pointed out which key opened the door. Brown, 223 F. App'x at 878; (Cr. Doc. 56 at 52.) In Brown's room, the officials found approximately ten ounces of powder cocaine and approximately four ounces of crack cocaine. Brown, 223 F. App'x at 878; (Cr. Doc. 56 at 54-55.)

Prior to his jury trial, Brown filed a motion to suppress the evidence seized during the search of his home. (Cr. Doc. 34.) After holding an evidentiary hearing, this Court denied his motion to suppress, finding Debnam's initial stop of Brown was supported by his reasonable suspicion that Brown was connected to the marijuana which was found in a vehicle parked directly in front of his residence. (Cr. Doc. 42 at 14; Cr. Doc. 55 at 4, 10.) In addition, the Court found that Brown freely and voluntarily gave his consent to the search of his residence.[4] (Cr. Doc. 42 at 15; Cr. Doc. 55 at 4.)

---

[4] In his motion to suppress, Brown argued that his Fourth Amendment waiver was invalid because he did not make a knowing and intelligent waiver of his rights. (Cr. Doc. 34.) However, because this Court determined that Brown voluntarily consented to the search, it did not need to address the validity of the Fourth Amendment waiver. See Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973) (noting that a search conducted pursuant to consent

The district judge correctly determined that Officer Debnam had reasonable suspicion to stop and detain Brown. Based on the above facts, Debnam was justified in believing that Brown had engaged in criminal conduct, and therefore he was entitled to conduct a brief investigatory stop of Brown. Because the initial stop was not illegal and because Brown consented to the search of his room, this Court did not err by denying his suppression motion. Since Brown's suppression motion was properly denied, Brown's appellate counsel did not act unreasonably by failing to raise the issue in his initial appellate brief. Further, Brown has raised no compelling new argument that might have persuaded the appellate court to reverse the district court's ruling. Accordingly, Brown cannot show prejudice due to his appellate counsel's failure to raise the issue. Because Brown cannot establish that his appellate counsel performed deficiently and cannot show prejudice, this claim should be denied.

---

is one of the established exceptions to the Fourth and Fourteenth Amendments' warrant and probable cause requirements).

## III. CONCLUSION

For the foregoing reasons, Brown's § 2255 motion should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this 24th day of June, 2008.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA